Terry B. Bates (SBN 115420)
Email: tbates@reedsmith.com
Mara D. Curtis (SBN 268869)
Email: mcurtis@reedsmith.com
Ian A. Wright (SBN 271957)
Email: iwright@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
TALENT PARTNERS COMMERCIAL SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.W., AS NEXT FRIEND OF MINOR CHILD, I.W., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TALENT PARTNERS COMMERCIAL SERVICES, LLC, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-07428<br><br>[Removal from Superior Court of California, Los Angeles County Superior Court Case No. BC590971]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332 AND 28 U.S.C. § 1441(B)**<br><br>Compl. Filed: August 10, 2015 |

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332 AND 28 U.S.C. § 1441(B)

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Talent Partners Commercial Services, LLC ("Defendant") hereby removes to this Court the state court action described below. This case is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

1. On or about August 10, 2015, Plaintiff E.W., As Next Friend Of Minor Child, I.W. (collectively "Plaintiff"), filed a putative Class Action Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *E.W., As Next Friend Of Minor Child, I.W., individually and on behalf of all others similarly situated, v. Talent Partners Commercial Services, LLC, and DOES 1-100*, Case No. BC590971 (the "Complaint"). A true and correct copy of the Complaint and accompanying documents are attached hereto as Exhibit A.

2. In the Complaint, Plaintiff alleges the following two causes of action: (1) failure to pay all wages owed upon termination; and (2) violation of California Business and Professions Code § 17200, *et seq*.

3. Defendant was first served with a copy of the Summons and Complaint on August 25, 2015. Accordingly, not more than 30 days have passed since Santander received Plaintiff's Complaint. 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6. A true and correct copy of the proof of service of Summons is attached hereto as Exhibit B.

4. On September 22, 2015, Defendant served and filed its Answer to the Complaint. A true and correct copy of Defendant's Answer is attached hereto as Exhibit C.

5. The State Court Action is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1367(a) because: (i) the amount in controversy exceeds $75,000; (ii) there is complete diversity of citizenship between Defendant and Plaintiff; and (iii) the court has supplemental jurisdiction over the claims of the putative class members. *See, e.g., Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558-66 (2005) ("The single question before us, therefore, is whether a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, presents a 'civil action of which the district courts have original jurisdiction.' If the answer is yes, § 1367(a) confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same Article III case or controversy. If the answer is no, § 1367(a) is inapplicable and … the district court has no statutory basis for exercising supplemental jurisdiction over the additional claims. We now conclude the answer must be yes."); *Snyder v. Harris*, 394 U.S. 332, 340 (1969) (stating that in class actions under § 1332(a), only the citizenship of the named parties is considered for purposes of determining "complete diversity": "[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant[.]").

6. The defendants named herein as "DOES 1-100" are fictitious. Unnamed defendants sued as Does are not required to join in a removal petition and their citizenship is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

## DIVERSITY OF CITIZENSHIP

7. Defendant is informed and believes, and on that basis alleges, that at the commencement of this action, and at all times herein, Plaintiff was, and now is, a citizen of the State of California. Exhibit A ("Compl."), ¶ 11.

8. At the commencement of this action, and at all times herein, Defendant was, and now is a New York limited liability company and has its principal place of business in Chicago, Illinois. Declaration of Debra Ann Thomson ("Thomson Decl."), ¶¶ 3-4.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. Plaintiff's Complaint does not indicate an amount of claimed damages, but was filed as an unlimited civil action. Defendant alleges, based on information and belief, and for the purposes of this removal only, that it is facially apparent from the Complaint that Plaintiff's claim for damages exceeds $75,000. In this regard, Plaintiff seeks an award against Defendant on behalf of a putative class of plaintiffs for: (i) compensatory damages; (ii) economic and special damages; (iii) penalties; (iv) restitution; and (v) attorney fees. Complaint, Prayer for Relief, page 14 lines 2-18.

10. In cases alleging similar claims, and seeking similar types of damages and fees, courts have found that the amount in controversy has been satisfied. *See e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674-675 (5th Cir. 2003) (affirming district court's finding that it was "facially apparent" in a wrongful termination action that the amount in controversy exceeded $75,000 when considering plaintiff's "lengthy list of compensatory and punitive damages sought by [plaintiff], when combined with attorney's fees"); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996) (utilizing preponderance of the evidence test to prove jurisdictional amount); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney fees may be taken into account to determine jurisdictional amounts); *Simmons v. PCR Tech.*, 209 F.Supp. 2d 1029, 1031 (N.D. Cal. 2002) (amount in controversy requirement

satisfied where plaintiff sought compensatory damages, including medical expenses and lost wages; punitive and emotional distress damages; injunctive relief; and attorney fees, notwithstanding that lost wages at time of removal totaled only $ 25,600).

11. Therefore, the United States District Court for the Central District of California has original jurisdiction under 28 U.S.C. § 1332(a) in that complete diversity of citizenship exists between Plaintiff and Defendants, and the requisite amount in controversy exists in this civil action.

## VENUE

12. The United States District Court for the Central District of California is the judicial district that embraces the place where the Complaint was filed by Plaintiff, and it is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

\* \* \*

WHEREFORE, because complete diversity exists between Plaintiff and Defendant, because the amount in controversy exceeds the jurisdictional amount for removal, this Court is vested with subject matter jurisdiction over this matter and the action is removable to this Court for those reasons under 28 U.S.C. §§ 1331, 1332 and 1441.

DATED: September 22, 2015            REED SMITH LLP

By: _[signature]_
Terry B. Bates
Mara D. Curtis
Ian A. Wright
Attorneys for Defendant
TALENT PARTNERS COMMERCIAL SERVICES, LLC